UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>             Plaintiff,<br><br>      v.<br><br>VAL LACEBAL, et al.,<br><br>             Defendants. | No.  2:21-cv-01636 JAM DB P<br><br><br>ORDER |

   Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his First Amendment rights by retaliating against him for filing a lawsuit.  Plaintiff also claims defendants violated his Fourteenth Amendment equal protection rights.  Plaintiff has paid the full filing fee in this action.  Presently before the court is plaintiff's complaint for screening.  (ECF No. 1.)  For the reasons set forth below, plaintiff will be given the option to proceed on his cognizable claims or to be given leave to file an amended complaint.

**SCREENING**

**I.     Legal Standards**

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) Plaintiff names Prison Industry Authority ("PIA") supervisor Val Lacebal and PIA manager Kevin Molle as defendants in this action. (Id. at 2.)

The complaint contains the following allegations: On an unstated date in June 2021, plaintiff's correctional counselor informed defendant Lacebal that plaintiff was approved for placement in the PIA "Fabrics Dept." (Id. at 6.) On Jun 18, 2021, plaintiff contacted defendant Lacebal because was not interviewed or assigned to the fabrics department. (Id.) Defendant Lacebal informed plaintiff that he was instructed by defendant Molle to not hire plaintiff "because of all [his] past grievances and civil suits…against P.I.A Staff." (Id. at 6-7.)

Plaintiff alleges defendant Molle and defendant Lacebal retaliated against plaintiff and gave him "unequal treatment" in response to his prison grievances and civil suits by barring plaintiff from getting a job in the fabrics department. (Id. at 8.) Plaintiff requests relief in the form of a declaratory judgment, monetary damages, and filing fee. (Id. at 14.)

## IV. Does Plaintiff State a Claim under § 1983?

### A. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

3

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has alleged sufficient facts to state a First Amendment retaliation claim against defendants Lacebal and Molle. Plaintiff claims that defendants denied plaintiff employment because of plaintiff's prison grievances and civil suits. (Id. at 6-7.) It is well-established that inmates have a right to file grievances against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). This is a part of a larger right to access the courts and the legal process. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As such, plaintiff's allegations are enough to establish that defendants took adverse action against defendant by denying plaintiff the opportunity for prison employment because of plaintiff's protected conduct in filing grievances and civil suits. Given these consequences, the refusal of prison employment due to plaintiff's protected conduct is potentially sufficient to "chill or silence a person of ordinary firmness from future First Amendment activities" given the importance of access to a source of income. Rhodes, 408 F.3d at 568-69. Based on the allegations in the complaint, the actions of defendants Lacebal and Molle do not advance "a legitimate correctional goal." Id.

Given the above, plaintiff has alleged sufficient facts in the complaint to state a claim against defendants Lacebal and Molle for retaliation in violation of his First Amendment rights.

**B. Fourteenth Amendment Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591,

601–02 (2008). An equal protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Plaintiff does not allege that he is a member of a protected class, while other inmates were not. Nor does plaintiff show that he and the other inmate were similarly situated. To state an equal protection claim, plaintiff must allege that he and this other inmate were the same in all relevant respects. The simple fact that other inmates also sought jobs from the PIA is insufficient to support an equal protection claim. Plaintiff even identifies that he and other inmates were not similarly situated by noting that plaintiff and those who received jobs had different disciplinary histories. (See ECF No. 1 at 12.)

Accordingly, plaintiff has failed to state an equal protection claim against defendants. Plaintiff will be given the option of proceeding on his cognizable claims or being given leave to file an amended complaint.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has alleged sufficient facts in the complaint to state a First Amendment retaliation claim against defendants Lacebal and Molle. However, plaintiff has failed to allege sufficient facts to state any other claim. Plaintiff will be given the option to proceed on his cognizable claims or to amend his complaint. If plaintiff files an amended complaint, any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

5

1    Any amended complaint must show the federal court has jurisdiction, the action is brought
2  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
3  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
4  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
5  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the
6  deprivation of a constitutional right if he does an act, participates in another's act, or omits to
7  perform an act he is legally required to do that causes the alleged deprivation).  "Vague and
8  conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.
9  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
10    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
11  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
12  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
13  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
14    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
15  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
16  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
17  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
18  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)
19  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus
20  litigation on the merits of a claim."); Fed. R. Civ. P. 8.
21    An amended complaint must be complete in itself, without reference to any prior pleading.
22  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
23  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
24  evidentiary support for his allegations, and for violation of this rule, the court may impose
25  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.
26  ////
27  ////
28  ////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff states a cognizable First Amendment retaliation claim against defendant PIA supervisor Val Lacebal and PIA manager Kevin Molle.
2. Plaintiff fails to state any other cognizable claims in the complaint.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 26, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/gree1636.scrn.notice

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN,<br><br>              Plaintiff,<br><br>    v.<br><br>VAL LACEBAL, et al.,<br><br>              Defendants. | No. 2:21-cv-01636 JAM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment retaliation claim against PIA supervisor Val Lacebal and PIA manager Kevin Molle. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                   Vencil C. Green
                                                                   Plaintiff pro se