1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VENCIL C. GREEN,                          No.  2:21-cv-01636 DAD DB P

12                  Plaintiff,

13           v.                                 ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   VAL LACEBAL, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff claims that defendants retaliated against him for filing grievances and civil suits,

19   in violation of the First Amendment.  Presently before the court is defendants' motion to dismiss

20   (ECF No. 34) and plaintiff's first amended complaint (ECF No. 37).  For the reasons set forth

21   below, the undersigned will recommend that defendants' motion be granted only as to plaintiff's

22   claim for damages against defendants in their official capacities.  It will also order that plaintiff's

23   first amended complaint be stricken from the docket, and grant plaintiff the option to proceed on

24   the original complaint or seek leave to file an amended complaint.

25                                    **MOTION TO DISMISS**

26   **I.      Background**

27          Plaintiff initiated this action by filing a complaint.  (ECF No. 1.)  This court determined

28   that plaintiff had pleaded a cognizable First Amendment retaliation claim and plaintiff elected to

1

proceed on this claim, voluntarily dismissing all other claims.  (ECF Nos. 9, 11.)  On August 3, 2022, the court stayed the case while the matter was referred to the Post-Screening Alternative Dispute Resolution Project.  (ECF No. 21.)  Defendants subsequently requested to opt out of the project.  (ECF No. 32.) The court granted their request and ordered them to file a response to plaintiff's complaint within 60 days.  (ECF No.  33.)

On April 14, 2023, defendants filed a timely motion to dismiss. (ECF No. 34.)  Plaintiff filed an opposition on April 25, and defendants filed a reply on May 3.  (ECF Nos. 35, 36.)

## II.    Allegations in the complaint

Plaintiff states that, at all relevant times, he was a prisoner at Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff names Prison Industry Authority ("PIA") supervisor Val Lacebal and PIA manager Kevin Molle as defendants in this action, in their official and individual capacities. (Id. at 2–3.)

On an unstated date in June 2021, plaintiff's correctional counselor informed defendant Lacebal that plaintiff was approved for placement in the PIA's fabrics department.  (Id. at 6.)  On June 18, 2021, plaintiff contacted defendant Lacebal because he was not interviewed or assigned to the fabrics department.  (Id.)  Defendant Lacebal allegedly informed plaintiff that he was instructed by defendant Molle to not hire plaintiff "because of all [his] past grievances and civil suits…against P.I.A Staff."  (Id. at 6–7.)

Plaintiff alleges defendant Molle and defendant Lacebal retaliated against plaintiff in response to his prison grievances and civil suits by barring plaintiff from getting a job in the fabrics department.  (Id. at 8.)  Plaintiff requests relief in the form of a declaratory judgment, monetary damages, and the filing fee cost.  (Id. at 14.)

## III.    Motion to Dismiss

Defendants assert immunity under the Eleventh Amendment because plaintiff has sued them in their official capacity, in addition to their personal capacity, and sought monetary damages. (ECF No. 34 at 3.)  They do not cite any additional grounds for dismissal.  They ask the court to dismiss the case "to the extent that it seeks money damages from Defendants in their official capacities."  (ECF No. 34 at 3.)

In his opposition, plaintiff "agrees that the Defendants cannot be sued in their official capacity under the Eleventh Amendment," and requests "that in the interest of justice that [sic] only this aspect of the claim be dismissed while simultaneously the suit against Defendants in their own individual capacity for punitive damages prevail."  (ECF No. 35 at 3.)

In their reply, defendants contend that plaintiff "fail[ed] to articulate why the complaint should not be dismissed to the extent that it seeks damages from Defendants in their official capacities."  (ECF No. 34 at 3.)  They note that plaintiff conceded that the Eleventh Amendment bars him from suing defendants in their official capacities.  (Id.)

## IV.    Legal Standards

### A.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  To survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

## B.  Eleventh Amendment

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity."  Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016).

However, it does not bar suits for damages brought under 42 U.S.C. § 1983 against state officials sued in their personal capacity.  Hafer v. Melo, 502 U.S. 21, 25–27 (1991).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured…

42 U.S.C. § 1983.  The Supreme Court has held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983."  Hafer, 502 U.S. at 31.  "The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts."  Id.

Additionally, "the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities."  Los Angeles

4

1  Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).  It also does not bar suits seeking

2  declaratory or injunctive relief brought against state defendants in their personal capacities.  See

3  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997).

4  **V.     Analysis**

5        Defendants move to dismiss plaintiff's claim for damages against them in their official

6  capacity because it is barred by sovereign immunity under the Eleventh Amendment.  (ECF No.

7  ECF No. 34 at 3).  Plaintiff does not oppose dismissal of his official capacity claim for damages.

8  (ECF No. 35 at 3.)

9        Plaintiff's official capacity claim for damages is barred by the Eleventh Amendment.  See

10  Kentucky v. Graham, 473 U.S. 159, 169–70 (1985).  Accordingly, the undersigned recommends

11  that the motion to dismiss be granted as to plaintiff's official capacity claim for damages.  The

12  action should be permitted to proceed as to plaintiff's claim for damages against defendants in

13  their personal capacities, and as to his request for a declaratory judgment against defendants in

14  their official and personal capacities.

15        As it is recommended that the official capacity claim for damages be dismissed as barred

16  by the Eleventh Amendment, and as the original complaint also sought damages from defendants

17  in their individual capacities, plaintiff is not required to amend his complaint.  However, as

18  discussed further below, the court will grant plaintiff the opportunity to file a motion to amend the

19  complaint.

20                              **FIRST AMENDED COMPLAINT**

21        Defendants filed the motion to dismiss on April 14.   (ECF No. 34.)  Briefing on the

22  motion was completed on May 3.  (ECF No. 36.)  Plaintiff filed the first amended complaint on

23  May 9.[1]  (ECF No. 37.)

24        Plaintiff's first amended complaint repeats the allegations of the original complaint.  (See

25  id.)  There appear to be only two differences between the original complaint and the first

26  ───────────────

27  [1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs
the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276

28  (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir.
2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

amended complaint.  First, plaintiff included attachments with the original complaint, but does not appear to have included them with the first amended complaint.  (ECF No. 1 at 15–23.) Second, he sued defendants in their official and individual capacities in the original complaint, but names the defendants in their individual capacities in the amended complaint.  (ECF No. 1 at 3; ECF No. 37 at 3.)

"Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a 'party may amend its pleading once as a matter of course.'"  Hernandez v. Trate, No. 1:22-cv-01115-AWI-SAB-HC, 2023 WL 2839337, at *2 (E.D. Cal. Apr. 7, 2023) (quoting Fed. R. Civ. P. 15).  Outside this time frame, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

District courts "'have inherent power to control their docket.'"  Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (quoting Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th Cir. 1998)). This power includes the ability to "'strike material from the docket . . . reflecting procedural impropriety or lack of compliance with court rules or orders.'"  Singh v. Cissna, No. 1:18-cv-00782-SKO, 2018 WL 6812503, at *9 (E.D. Cal. Dec. 27, 2018) (quoting Jones v. Metro. Life Ins. Co., No. C–08–03971–JW (DMR), 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010)).

Here, plaintiff filed the amended complaint twenty-five days after defendants filed the motion to dismiss.  He was therefore required to obtain defendants' written consent or leave from the court before filing his amended complaint.  Fed. R. Civ. P. 15(a)(2).  He did not request permission from the court, and there is no indication in the amended complaint or any other filing that he obtained defendants' written consent.  The court will therefore order that it be stricken from the docket.

For reasons discussed above, plaintiff does not need to amend the complaint for his individual capacity claim for damages to proceed.  Plaintiff will be given the option to proceed on the original complaint, or to file a motion to amend his complaint.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  If plaintiff chooses

////

to amend the complaint, he must file: (1) a motion for leave to amend the complaint, and (2) a copy of the proposed amended complaint.

Plaintiff is advised that any amended complaint containing new factual allegations and claims must be screened by the court to determine whether it states a cognizable claim for relief, which could further prolong proceedings.  <u>See</u> 28 U.S.C. § 1915A.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. That the Clerk of the Court strike the first amended complaint (ECF No. 37) from the docket.

2. Plaintiff may, but is not required to, amend the complaint.  Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  If he chooses to amend the complaint, he must submit a motion for leave to amend the complaint and a copy of the proposed amended complaint.  The proposed amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the proposed amended complaint must bear the docket number assigned this case and must be clearly labeled "First Amended Complaint."

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS HEREBY RECOMMENDED that the motion to dismiss (ECF No. 39) be granted as to plaintiff's claim for damages against defendants in their official capacity.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties

////

7

1   are advised that failure to file objections within the specified time may result in waiver of the

2   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  June 15, 2023

4

5                                                                        _____
                                                                         DEBORAH BARNES
6   DLB: 15                                                              UNITED STATES MAGISTRATE JUDGE
    DB/DB Prisoner Inbox/Civil Rights/S/gree1636.mtd
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        8